IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:11-CV-217-FL

RACHEL McBROOM,

    Plaintiff,

    v.

UNIVERSITY OF NORTH CAROLINA – PEMBROKE,

    Defendant.

**CONSENT PROTECTIVE ORDER**

**WHEREAS**, in this action, Plaintiff Rachel McBroom ("McBroom"), a former employee of Defendant University of North Carolina a Pembroke ("the University"), alleges that she was discriminated against by the University in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a;

**WHEREAS**, discovery sought in this action may require the production of certain confidential information, such as State employee personnel files protected pursuant to N.C. Gen. Stat. § 126-22 *et seq.*; and

**WHEREAS**, McBroom and the University have agreed to the entry of this Order protecting the confidentiality of such information, and there is good cause for the issuance of this Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**IT IS HEREBY ORDERED** as follows:

1.    In accordance with the provisions set forth below, the Court intends that confidential information and documents produced, obtained or exchanged in the course of this action shall be used by the party to whom such documents are produced, obtained or exchanged

solely for the purpose of this lawsuit and for no other purpose.

2. Any documents produced or exchanged between McBroom and the University, and any information contained in discovery, including but not limited to deposition testimony and deposition exhibits, which a party believes is protected from disclosure under governing law, may be designated as "Confidential." All documents and information so designated and all copies thereof (hereinafter referred to collectively as "Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in this Order; provided, however, that counsel for the party designating information as Confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order; and provided further that nothing in this Order shall prevent any party from challenging the designation of any document as Confidential.

3. Any party may designate a document as Confidential pursuant to the terms of this Order by affixing to the first page thereof a stamp with the legend "CONFIDENTIAL" or may, in the alternative, by written notice inform opposing counsel that the document is to be treated as Confidential Information. It is agreed by the parties that if a party wishes to maintain the confidentiality of the document in a brief or other court filed document, then the party must follow the procedures set forth in paragraphs 9 and 10 of this Consent Protective Order. Further, initially designating a document as Confidential does not obligate either party to later file it under seal unless so required by this Court.

4. Confidential Information shall be produced only to counsel of record in this action, each of whom is bound by the terms of this Order.

5. Neither the Confidential Information nor its contents shall be disclosed to any other person without the agreement of the party designating information as Confidential, except

that counsel may, without further agreement, disclose the Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions:

    a.    The parties and their attorneys, legal assistants, and other employees of the parties who have a need to handle the Confidential Information under normal office procedure;

    b.    Experts or consultants retained by the parties with respect to this action;

    c.    Any person from whom testimony has been taken or is reasonably expected to be taken in this action (whether by deposition or at trial);

    d.    This Court and its staff; and

    e.    Any court reporters present in their official capacity at any hearing, deposition or other proceeding in this action.

6. Any party may also designate portions of a deposition as Confidential Information by notifying the other party in writing within twenty (20) days of receipt of the transcript of the portions that are designated Confidential. All depositions shall be treated as confidential during this twenty (20) day period. Confidential Information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following: "CONFIDENTIAL." Any party wishing to use Confidential Information within a deposition transcript shall follow the procedures set forth in paragraph 9 and 10 in this Consent Protective Order.

7. Confidential Information shall be used solely for the purpose of prosecution or defense of this action, and such documents may be used, consistent with the terms of this Order, in pretrial discovery and at the trial or preparation for trial and any appeals of this action.

8. Producing or receiving materials or otherwise complying with the terms of this Order shall not:

a. operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information; or

b. prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or

c. prejudice in any way the rights of a party to seek a court determination whether particular discovery materials should be produced or considered confidential; or

d. prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of documents or information as that party may consider appropriate.

9. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out findings in a proposed order to seal for the court.

10. When a party seeks to file confidential documents, things, and/or information, including confidential portions of any transcript, a party shall submit such materials to the court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: "Filed Under Seal Pursuant to Protective Order."

11. The Confidentiality provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order. At the conclusion of this litigation, including any appeals which may be filed, each party will return to the other all Confidential Information, including copies, received from the other during the course of this litigation, or shall destroy all Confidential Information and certify in writing to counsel that the Confidential Information has been destroyed.

12. Any party may at any time and for any reason seek modification of this Protective Order. This Protective Order can be modified only by written agreement of the parties or by Order of this Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

**IT IS SO ORDERED.**

DATE: July 6th, 2012

/s/ Louise W. Flanagan
United States Magistrate Judge/District Judge

**AGREED TO BY:**

| Counsel for Defendant: | Counsel for the Plaintiff: |
|---|---|
| ROY COOPER<br>Attorney General | /s/ Calvin C. Craig, III<br>N.C. State Bar No.35229<br>P.O. Box 27883 |
| /s/ Katherine A. Murphy<br>Assistant Attorney General<br>N.C. State Bar No. 26572<br>N.C. Department of Justice<br>P.O. Box 629<br>Raleigh, NC 27602<br>(919) 716-6920<br>kmurphy@ncdoj.gov | Raleigh, NC 27611<br>(919) 624-5982<br>ccraiglaw@aol.com |